Next case on this afternoon's docket is the case of People, State of Illinois v. Marvin Moore, and we have Mr. Munches for the appellant and Kelly Stacey for the appellate. You may begin, Mr. Munches. My name is Alexander Munches. I represent Marvin Moore on appeal. Mr. Moore spent over 1,100 days awaiting conviction. To date, he has not received credit for 256 of those days, almost a year of his life. In 2008, the grand jury indicted Mr. Moore for three class X offenses. After nearly two years in the St. Clair County Jail, Mr. Moore agreed to enter the electronic supervision program. As a condition of bond, correct? Correct, yes. Is there any dispute about that now? I don't think there's a factual dispute. To the extent that the state says there's a dispute and it's a response brief, it may be a legal issue, but I think that that dispute is settled by the agreement itself, as well as, which says that he's participating in the home detention program. It's supervised by the probation department. The probation department set out the terms of the program. So, by the terms of the agreement itself and the case cited in the state's brief, the People v. Smith, the Appellate Court case, that he was in fact on bond and was in fact in the home detention program. So, how do you determine that it's home detention? So, we look just to the agreement itself and the terms of the agreement and who runs the program. You see in that case, People v. Smith and cited in the state's brief, that those are sort of the indicia. You sort of just read through the home detention law statute. I know that the state sort of suggested a problem. They say you can't be on bond and in custody at the same time. What we're arguing right now is about a pre-sentence credit statute. And if you look at the 2008 version at issue on this appeal, you see that, and I quote, You're saying you can be on home detention and custodial. So, the term of the statute is whether or not home detention was custodial. And so, in 1990, the Illinois Supreme Court, the People v. Ramos, they're confronted with a sentencing credit statute that said, that did not mention home detention. And on appeal, they were forced to interpret the statute in the absence of that phrase. Since 1990, the General Assembly amended the statute to include credit for home detention if the trial court finds the conditions were such that it was custodial. Rather than free on bond. Yeah. So, presumably, it must be more custodial than Ramos, the facts in Ramos. So, it has to be sort of a fact-intensive inquiry. But here, he actually had a bond, didn't he? He had a $100,000 bond. And a home detention program. So, you're saying you can be on bond and in custody. Correct. That's what you're saying. Yeah. The term of art is custodial. And you see that in the 2008 version of the 587. I'll quote the trial court. Where do I see that? Yeah. Oh, you see it. Yeah. So, yes, it's a term of art, basically. What's the term of art? Custodial. Home detention? I'm guessing custodial is. Okay. So, tell me what's in the statute that you're relying on. Sure. So, the language. The trial court may give credit to the defendant for time spent in home detention if the court finds the detention was custodial. So, presumably, that means you look at Ramos. You look at the factors of that case. And if the detention in a given case is greater, you know, more restrictive, then it could be found to be custodial. Of course, the state's argument on this point is really the beginning point for Mr. Moore's argument. Mr. Moore agrees with the state's conclusion that this statutory matter is not entitled to credit against the sentence. His challenge is to the administration of the pre-sentence credit program. He says he was not given notice that time spent in this program would not be credited against his eventual sentence. The state doesn't respond to this argument. So, I'm going to proceed. So, wait. Why are we talking about custody and credit against his sentence if now we're talking about, I think we're talking about a whole different orange here. I think we are. I think that's exactly right. So, we move from apples to oranges. Yeah. Well, we started with apples, went over to oranges, now we're asking them to come back to apples. Oh, man. We want to stay with apples, though. So, what we say is there was a liberty interest at issue here. And that was, we pulled that from People v. Dupree. This court recognized that defendants had a liberty interest, a protected liberty interest in accruing credit against their eventual sentences. So, we pulled that liberty interest out of Dupree. Now, we look at it. So, what process is required to protect that liberty interest? Now, we're not arguing ineffective assistance of counsel. This is not Dupree. Instead, what we're saying is that if defendants are going to leave jail before their conviction, that the probation supervision department, they need to tell the defendants that, hey, look, the charge of homing class sex offenses, time spent in this program will not count against your eventual sentence. Now, Mr. Moore never did that. So, he spent hundreds of days in the jail. He was allowed to participate. He agreed to enter this program. He's the one that wanted to be out on bond, though. He wanted to be out on bond. He got at home detention. Yeah, but as I understand it, a defendant is the one who applies for bond because he wants out of jail. Plus, this was a reduction of bond. He had a $500,000 bond, and if he agreed to electronic monitoring, they'd reduce the bond to $100,000. Is that right? That's correct. So, now he wants a better deal in that he wanted the reduction, electronic monitoring, and credit than for… No, you're not asking for credit. We're asking for the 256 days of credit. Why? Based on what? Based on… It wasn't in custody. You just told us that. So… Or the custody here doesn't count. Sure. So, I should be more clear about Dupree. Okay. So, in Dupree, this court recognized that defendants have a protected liberty interest in maximizing credit against eventual sentences. Yes. So, any given eventual sentence. That's because in Dupree, the attorney did not move to revoke the bond on another charge when he was in jail for a subsequent charge. Correct? Yeah, those are the facts of the case. Right. But that's not the facts here at all. So, we ask, you know, how could trial counsel in Dupree be ineffective if the defendant didn't have a protected liberty interest in this statutory right? This court told trial attorneys in Dupree, you need to protect the defendant's interest in proving this credit and maximizing credit against any eventual sentence without regard to the likelihood of conviction. That's what this court told trial attorneys in Dupree. Well, if that were true, then everyone would just stay in jail. I don't think so. I just think that trial attorneys should withdraw posted bonds in facts like Dupree and that probation and services departments should tell defendants like Mr. Moore, hey, you can come into this program, agree to do this, but guess what? Time in this program will not be credited against any eventual sentence. So, I think participation in the program is fine. But the defendant knows that if he stays in jail, it's being credited. And the defendant needs to know that if he leaves under these situations, that he won't get that credit. Are you saying that he doesn't know that? That if he gets out of jail, that he doesn't know that? He does not know that. Under any circumstances? I think that if he was just on bond, not in the home detention program, that it could be very reasonable to say, you know, they know what's going on. Let's go back to square one. Why is this home detection rather than electronics monitoring? Sure. So, we look at the terms of agreement that the probation department wrote and had Mr. Moore sign. And under that, the terms of that agreement, they mentioned that he's in the home detention program. If you look at the statute of home detention law, you look at the definition section, you see it has to be run by the supervising authority, which can be the probation department. In this case, it was. And the probation department has to set the terms of the program. In this case, it happened to. Now, there's one special condition in the probation agreement, and that's that you follow whatever the court tells you to. However, if you look at the agreement as a whole, the probation set out all those terms. So, you know, our point is that if defendants are going to agree to enter into this program under the supervision of probation, the probation should tell them that time in this program is not going to be counted against your eventual sentence. So, there should just be a line added somewhere in the document. Exactly. If you look at the document, it looks fairly boilerplate. I imagine they have a lot of people sign these week in and week out. So, just throw in another line, which will make you aware. And it's critical, especially in a case like this, where hundreds of days pass, and there's still no guilty plea, no trial. And, you know, the court takes mercy and says, you know, he meets the kind of conditions he could be out and about right now. He needs to just know. He needs to intelligently elect that decision. So, what is his remedy right now? What does he want this court to do? So, just purely minister. Purely what? Ministerial. We say, you know, we're not attacking the conviction. We're not attacking the sentence. We're just saying that because this program was run poorly, that he should get credit for this time. You know, he entered into an agreement to participate in this program. Well, the agreement was not a home detention agreement. You've agreed he was not in custody. He was on bond. He was in the home detention program, though. He was on bond. He was on bond and in the home detention program. So, you're saying that's custodial? Well, we're saying that the trial court didn't make a finding that it was custodial. We're just saying that. Aren't they inconsistent? Which? To be out on bond and in custody? Not for purposes of counting credit under the 2008 version statute. It's that last sentence I read aloud. It's that the trial court may give credit to the defendant for time spent in home detention if the court finds that detention was custodial. It seems to me, though, that the only remedy available now is if we agree with you to remand for the court to determine whether or not he would qualify for the time. Why would that assumption be wrong? Sure. The cases we cite in the requirements especially show that when defendants enter agreements not knowing about direct consequences, so this is by analogy to guilty plea sentences, when they enter agreements with the state not knowing the direct consequences of those agreements, that this court has the power to grant that pre-sentence credit despite the statutory exclusion. But we can also remand for the trial court to make the determination under the home detention program. I don't think they're exclusive, yes. Okay. Thank you very much. Aren't you setting us up for a situation where you're asking us to rule that prior to any bond hearing, which would involve an electronic detention system, the court has to examine whether the rules of that particular jurisdiction in electronic detention constitute, quote, unquote, custodial. So it's a hearing within a hearing prior to a bond hearing. Otherwise, the warning by the agency, by the probation department, would carry in effect the weight of a ruling of the court saying this was custodial or not custodial. Our point is that under the statutes as written when he entered the program, he was not entitled to credit. In any circumstance, there are 20 exclusions. One of them was class X felonies. So a determination of finding custodialness won't apply to Mr. Moore. You're just saying equitably we should give him credit? Yes, yes. And we are reciting the case in the reply brief for that proposition. If there are no further questions, I'll be happy to- You'll have the opportunity to respond. Thank you. Ms. Stacy, why shouldn't he get credit? Your Honor, I have to admit I was completely confused in briefing this as to exactly what the defendant was arguing. I believe he should not get credit because clearly he was out on bond. And, in fact, the defendant filed a motion. It has a file stamp date of January 9th, 2013. It is attached to the state's brief as Appendix B. And it's a motion for order non-proton. And if you look down in paragraph 4A, in the defendant's own, this is a pro se motion that he has filed on his own behalf. He says defendant was incarcerated at the St. Clair County Jail from December 5th, 2008 to September 2nd, 2010, at which time defendant was released on home monitoring as a condition of his bond. So to say the defendant didn't understand that he was on bond, I don't believe that's the case. Is that because the probation department characterized it as home detention and that the court has discretion to give credit in home detention because if they determine it's custodial, then he should be given notice of that? Well, I think that's what his argument is, that if the probation department has anything to do with monitoring in a case that the defendant should be told, I believe what he argued was the state should be the one to tell the defendant you're not going to get credit. I still don't really understand that argument because it was, as Justice Gates pointed out, the defendant is to ask for a bond reduction. It was reduced to 100,010 percent, the defendant posted, and he was released on electronic supervision. Even in the defendant's brief, reply brief at page 1, it says on appeal the parties agree that as a statutory matter, Mr. Moore was not entitled to pre-sentence credit against his sentence or time spent on bond prior to judgment. It's also referenced in that same page, electronic supervision agreement. I think we also, one of the things that's been overlooked, which came out at the very end of Mr. Barrell's argument. Munches. I'm sorry, Mr. Munches. This is a class X felony. So under the exceptions, he's not entitled to it anyway. No, I believe he's not entitled to it. So I'm a little confused about what we're even talking about in light of the class X felony. It is my understanding in preparing for oral argument and going back over the reply brief, what the defendant is arguing is it's a due process violation that he's not told prior to going on electronic supervision as a condition of bond, that he doesn't get credit for those things. The state's position is it is not up to the state to tell a defendant you don't get credit for time you're spending in your home. I think it just almost defies logic that that would even be asked because the state believes you cannot be both in custody and on bond at the same time. Is it the duty of the court to tell the defendant that? I believe if the defendant wants to maximize the amount of credit that he gets, then he should tell his attorney, well, I really don't want to be out on bond. The defendant says it's not an ineffective assistance of counsel argument, but I was a trial attorney for a number of years, and any time I got to have a defendant go out on bond, I asked for it. I think the Dupree case, if I'm not mistaken, the difference there is he was in on another charge. When you're already in custody, the best thing to do to maximize credit against a sentence is to surrender on bond. So he could have gotten credit for that. Exactly. I think in the Dupree case, that's exactly what happened. But in this case, the defendant was out of jail, which is presumably what any defendant would want. So, well, following up on Justice Goldenhurst's saying is, as I understand, when the bond reduction was requested, Judge Beresivic said, well, I'll reduce the bond if he agrees to electronic monitoring. So does the court, in making that statement, have a further obligation to warn the defendant that he's giving up his right to credit? I mean, do we impose that on the court as a part of this bond reduction? I do not believe that we do. Because I believe the statute refer to electronic supervision, and then another statute refers to home detention. If they were meant to be the same thing, there wouldn't need to be the two statutes about them. But again, the defense says they're not relying on the statute. They're relying on a due process argument on who is supposed to tell him. And again, I am at a loss at who is supposed to tell him, whether it's the trial court, whether it's the state. It seems that he's arguing it was the state who was supposed to tell him, by the way, while you're at your house, you don't get credit against your sentence for that time because you're not in jail. Is there any rule or case that you're familiar with that says anyone, court, the state, is required to inform the defendant when the defendant asks for and receives a bond that his days at home will not count against his sentence? I am unaware of any Supreme Court rule or any statute or any local rules anywhere that would require a defendant to be told that. And again, as a defense attorney, I think your main goal is for your defendant to be out of jail as long as he can be. And yes, you're giving him credit against the eventual sentence, but I think in this case, the defendant applied for additional credit and the court granted it, but the court said, it doesn't look to me like it was ever intended that you were going to get credit on that time you were spent on electronic supervision, so no, you're not going to get that credit. And the state believes that's the right result in this case, and if the court doesn't have any other questions, we respectfully ask you to affirm. Thank you, Your Honor. Thank you, Mr. Murchis. Do you have a rebuttal? So, Mr. Moore is also unaware of any rule requiring this, and that's really the problem. That's the problem in this case. You start at Dupree, and you see that there is a protected liberty interest in maximizing credit against any eventual sentence. But in Dupree, there was the opportunity to get credit. Here, there isn't. There is the opportunity to get credit if this court grants it. No, no. You're talking about if we, as a due process remedy for this violation, not as a statutory remedy. The due process clause acts as a safety net when the statutes drop the ball, frankly. But you're still asking us to create a remedy. Exactly. You're not asking for enforcement of a rule or a statute. Exactly. When is the defendant supposed to assert that? At a bond hearing? At a sentencing hearing? I mean, if you're talking about a rule, when is it required to be acted upon or waived? When to assert the error? I'm sorry? Is the question when to assert the error? Yes. Okay. And this appeal is good. And a direct appeal, also good. Just whenever you can bring this issue before a counseling court, the jurisdiction. Is there no further questions? I don't think so. Thank you. Thank you. Thank you both for your briefs and arguments. We'll take the matter under advisement.